IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN M. KELLY,

    Plaintiff,

v.

U.S. CENSUS BUREAU and U.S DEPARTMENT OF COMMERCE,

    Defendants.

                                      /

No. C 10-04507 JSW

**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**

      Now before the Court cross-motions for summary judgment filed by Plaintiff John M. Kelly, appearing *pro se* and by Defendants United States Census Bureau and United States Department of Commerce ("Defendants"). The Court finds the matters suitable for disposition without oral argument and vacates the hearing set for September 16, 2011. *See* N.D. Civ. L-R 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, Defendants' motion for summary judgment is GRANTED and Plaintiff's cross-motion for summary judgment is DENIED. This matter concerns requests for documents from Defendants under the Freedom of Information Act ("FOIA"). Plaintiff seeks documents related to his employment, applications for employment, and related termination issues in connection with his work as a temporary employee in 2009 and 2010 with the Census Bureau, stationed in San Francisco, California.

      The Court shall discuss additional facts as necessary in the analysis.

# ANALYSIS

**A.     Legal Standards Applicable to Motions for Summary Judgment.**

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to, *inter alia*, depositions, documents, affidavits, or other materials. Fed. R. Civ. P. 56(c)(1)(A). A party may also show that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id*. at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### B. Standards Under FOIA.

FOIA was enacted to create a "judicially enforceable public right to secure government documents." *EPA v. Mink*, 410 U.S. 73, 80 (1973). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Hanson v. U.S. Agency for International Development*, 372 F.3d 286, 290 (4th Cir. 2004). Accordingly, nearly every document of a federal agency is available to the public unless it falls within one of the Act's nine enumerated exemptions. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). Given FOIA's goal of broad disclosure, the exemptions are "narrowly construed." *FBI v. Abramson*, 456 U.S. 615, 636 (1982); *see also Assembly of the State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) (the exemptions are to be "interpreted narrowly"). The nine exemptions are narrowly construed so as not to frustrate FOIA's underlying policy of disclosure and non-secrecy. *Department of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Moreover, if only a portion of a record is exempt from disclosure, the agency must disclose the non-exempt portion if it is "reasonably segregable." 5 U.S.C. § 552(b).

### C. Searches Were Adequate and Withheld Documents Under Narrow Exemption.

Although Defendants move in the alternative to dismiss several of the counts in the amended complaint for failure to exhaust administrative remedies, because the Court finds that Defendants have produced documents sufficient to satisfy the requirements of FOIA and the Privacy Act, the Court grants Defendants' motion for summary judgment on the merits.

Having examined the entirety of the record, the Court concludes that Defendants conducted an adequate search for the records requests pursuant to both FOIA and the Privacy Act. Once an agency makes a showing that it conducted a search in good faith, "with reasonable detail, that the search method ... was reasonably calculated to uncover all relevant documents," the agency's position can only be rebutted "by showing that the agency's search was not made in good faith." *Oglesby*, 920 F.2d at 68; *Maynard v. C.I.A.*, 986 F.2d 547, 560 (1st Cir. 1993). "Agency affidavits enjoy a presumption of good faith that withstands purely

3

speculative claims about the existence and discoverability of other documents." *Chamberlain v. U.S. Dep't of Justice*, 957 F. Supp. 292, 294 (D.D.C. 1997).

The Court finds that the affidavits in support of Defendants' motion establish that the agency conducted adequate searches reasonably calculated to uncover the requested records. To the extent there are documents that Plaintiff insists must be in existence in Defendants' records, there is sworn testimony before this Court that, after searching the pertinent records, no such documents exists. Defendants are not under an obligation to recreate documents that were not in existence at the time the FOIA request was made. *See Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 n13 (D.C. Cir. 1990). To the extent plaintiff seeks statistical data that was never in existence, Defendants are under no obligation to generate such records. *Id.* The responsive documents identified on the *Vaughn* index were properly withheld pursuant to FOIA exemption (b)(2) and Privacy Act exemption (k)(6). *See* 5 U.S.C. §§ 552, 552a.

As the Court finds, based on the record submitted, that Defendants conducted an adequate search reasonably calculated to uncover all relevant documents, there is no evidence that the searches were not made in good faith, and the agency withheld only those documents which fell within recognized exemptions, it is appropriate for the Court to grant summary judgment in Defendants' favor.

## CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's cross-motion for summary judgment. A separate judgment shall issue. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: September 7, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KELLY et al,

    Plaintiff,

v.

U.S. CENSUS BUREAU et al,

    Defendant.

Case Number: CV10-04507 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John M. Kelly
320 Clementina Street
#1014
San Francisco, CA 94103

Dated: September 7, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk