**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN M. KELLY,

    Plaintiff,

    v.

U.S. CENSUS BUREAU and U.S. DEPARTMENT OF COMMERCE,

    Defendants.

No. C 10-04507 JSW

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    Now before the Court on remand from the Ninth Circuit Court of Appeals is the motion for summary judgment filed by Defendants United States Census Bureau and United States Department of Commerce (collectively "Defendants") against Plaintiff John M. Kelly ("Kelly"), appearing *pro se*. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS Defendants' motion for summary judgment.[1]

**BACKGROUND**

    This matter concerns multiple requests for documents from Defendants under the Freedom of Information Act ("FOIA"). Kelly seeks documents related to his employment, applications for employment, and related termination issues in connection with his work as a temporary employee in 2009 and 2010 with the United States Census Bureau ("the Census"), stationed in San Francisco, California.

---

[1] The Court has reviewed all of Kelly's filings and GRANTS his administrative request to file excess pages. (*See* Docket No. 139.)

On October 5, 2010, Kelly filed this case alleging that the Census violated FOIA, 5 U.S.C. § 552(a)(4)(B), and the Privacy Act, 5 U.S.C. § 552a(g)(1). On September 7, 2011, this Court denied Kelly's claims for relief, denied Kelly's motion for summary judgment, and granted summary judgment in favor of Defendants. Kelly appealed numerous aspects of the Court's order dated September 7, 2011.

On October 2, 2013, the Ninth Circuit Court of Appeals affirmed this Court's order in part, but vacated the portion of the order granting summary judgment in favor of the government. On remand, the Court of Appeals directed this Court to provide more detailed findings of fact and conclusions of law with respect to its grant of summary judgment. Specifically, the Court of Appeals directed this Court, as part of its analysis, to address threshold issues, including, *inter alia*, the following: (1) whether the Census improperly interpreted Kelly's FOIA request dated March 24, 2010 to apply only to applicants and not hirees, and the legal significance of any such interpretation; (2) whether the Census improperly interpreted Kelly's letters dated May 5, 2010 and June 22, 2010 to require the Census to search for only thirteen itemized records under FOIA; (3) whether the Census impermissibly failed to allow Kelly to inspect and review the records in his personnel file; and (4) whether Kelly's letter dated August 27, 2010 was a new request that required the Census to conduct a new search and produce documents.

The Court shall address additional facts as necessary in the analysis.

## ANALYSIS

**A.  Legal Standards Applicable to Motions for Summary Judgment.**

Summary judgment is appropriate when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. A fact is "material" if it may affect the outcome of the case.

United States District Court / For the Northern District of California

*Id.* at 248. The party moving for summary judgment bears the initial responsibility of identifying those portions of the record which demonstrate the absence of a genuine issue of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party meets this initial burden, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex,* 477 U.S. at 323; *see also Keenan*, 91 F.3d at 1279.

**B.     Legal Standard Under FOIA.**

FOIA was enacted to create a "judicially enforceable public right to secure government documents." *EPA v. Mink*, 410 U.S. 73, 80 (1973). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004). Accordingly, nearly every document of a federal agency is available to the public unless it falls within one of the Act's nine enumerated exemptions. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). Given FOIA's goal of broad disclosure, the exemptions are "narrowly construed." *FBI v. Abramson*, 456 U.S. 615, 636 (1982); *see also Assembly of the State of Cal. v. U.S. Dep't of Commerce*, 968, F.2d 916, 920 (9th Cir. 1992) (the exemptions are to be "interpreted narrowly"). The nine exemptions are narrowly construed so as not to frustrate FOIA's underlying policy of disclosure and non-secrecy. *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Moreover, if only a portion of a record is exempt from disclosure, the agency must disclose the non-exempt portion if it is "reasonably segregable." 5 U.S.C. § 552(b).

**C.     Searches Were Adequate and Withheld Documents Under Narrow Exemption.**

This matter concerns four requests for documents under the FOIA and the Privacy Act, as well as one request to inspect and review documents. Kelly seeks to review documents related to his employment, applications for employment, and related termination issues in

3

connection with his work as a temporary employee in 2009 and 2010 with the Census, stationed in San Francisco, California.

### 1. Kelly's Request Dated March 24, 2010.

Kelly's first request, dated March 24, 2010, seeks to review (1) records showing the job titles of all non-supervisory positions for which the Census hired; (2) records showing a statistical breakdown based on gender and veterans status of nine categories of applicants; (3) records showing the average length of time between when the Census received notice that a criminal check yielded a possible match to an applicant and the time the Census gave the applicant notice of the tentative match; and (4) records showing the average length of time between when the Census gave notice to an applicant that processing was delayed on account of a criminal history check and the time that the applicant responded to the notice. (Kelly's Motion for Summary Judgment, Ex. M.)

Kelly argues the Census's response to his request dated March 24, 2010 was inadequate on the basis that (1) the Census misinterpreted Kelly's request; (2) the Census failed to conduct an adequate search for documents responsive to Kelly's properly construed requests; and (3) the Census's misinterpretation of the request was intentional and in bad faith. However, the record demonstrates that the Census properly responded to Kelly's request for documents. On July 22, 2010, Mary Potter, an assistant division chief at the Census issued the Census's final response providing a list of job titles of all non-supervisory positions (in response to item one of Kelly's requests) and advised Kelly that the agency was unable to provide any statistical breakdowns. (Declaration of Mary C. Potter ("Potter Decl."), ¶ 24.) The Census also provided evidence that it does not maintain a statistical breakdown of the information requested based on gender and veterans' preference. Accordingly, Potter advised Kelly that the Census had no documents responsive to items two through four of his FOIA request.

With respect to Kelly's contention that the Census misinterpreted his request by restricting its response to applicants only (rather than to both applicants and hirees), the Court finds sufficient evidence in the record to demonstrate there was no such misinterpretation. Contrary to Kelly's argument on remand, his FOIA request dated March 24, 2010 suggests he

4

sought only statistical information about applicants, not hirees. For each of the nine categories Kelly requested statistics, he requested information for "the total number of applicants . . . ." (Kelly's Motion for Summary Judgment, Ex. M.) Accordingly, the Census reasonably responded that it did not have documents regarding statistical breakdowns for each category of applicants. Kelly did not clarify his request until after he filed an administrative appeal. Regardless, the record now clearly indicates that the Census "does not [have any] records containing the statistical breakdowns based on gender and veteran status for applicants for non-supervisory positions for the 2010 decennial work, and (2) the Census has no records that contain a statistical breakdown based on veterans status for applicants or hirees for non-supervisory positions for the 2010 decennial census." (Declaration of Bryn Johnson ("Johnson Decl."), ¶ 17.) Furthermore, Kelly has presented no evidence to establish this statement made under penalty of perjury is untrue.

With respect to Kelly's argument that the Census failed to conduct an adequate search for documents responsive to his request, Kelly submits evidence that a Census employee named Lisa Nakamura made a statement that the Census hired 1,100 veterans in the area where he had applied for a job. (*See* Kelly's Summary Judgment Declaration ("Kelly Decl."), ¶¶ 30-31; *see also* Kelly's Motion for Summary Judgment, Exs. T, U.) According to Kelly, the employee's statement must rely upon statistics of the sort he requested in his FOIA requests. However, Kelly's evidence does not support his conclusion that the Census failed to search for statistics. Rather, his arguments rest on a number of assumptions. The evidence that Kelly submits is based upon a letter dated July 1, 2009 which he received from Robert M. Wilson. (*Id.*) Wilson's letter is a response to Kelly's request for reinvestigation into Kelly's claim that veterans were being discriminated against in hiring at the Census. In his letter, Wilson states that 1,100 veterans were employed in the area where Kelly had applied. (*Id.* at 24.) However, there is no evidence in the record to establish that the statement was based on a document that was in existence a year later when Kelly made his FOIA request dated March 24, 2010. In fact, there is no evidence in the record indicating how Wilson arrived at his conclusion. There is no evidence in the record to establish that the memorandum or the person who wrote it has any

5

1 connection to Wilson and nothing to establish why Kelly believes Wilson's comment and
2 memorandum are connected. Thus, the correspondence cited by Kelly contains evidence that
3 the Census investigated but was unable to find the source of Wilson's comment regarding the
4 1,100 veterans allegedly hired by the Census.

Finally, the Court finds no evidentiary support with respect to Kelly's argument that Census responded in bad faith to his FOIA request dated March 24, 2010. The Court found that Census reasonably concluded that this FOIA request sought documents pertaining only to applicants. Accordingly, Kelly's request was not initially interpreted as one for hirees as well as applicants. The declaration of Bryn Johnson, however, makes it clear that after Kelly appealed the Census's final response and thereafter clarified his request to include hirees, Census created a computer program to generate documents responsive to Kelly's request. (Johnson Decl. ¶ 16.) Accordingly, the Court holds that Census's record search was not made in bad faith.

For the foregoing reasons, the Court grants the Census's motion for summary judgment with reference to Kelly's FOIA request dated March 24, 2010.

### 2. Kelly's Request Dated May 5, 2010.

On May 5, 2010, Kelly requested production of four categories of documents including any "personnel records," "job examinations," and "written communications" related to his employment as well as job applications from January 2009 through February 2010. (Amended Complaint, Ex. A.) Upon receiving his requests, the Census determined which offices should receive the request and search for responsive documents. (Johnson Decl. ¶ 6.) The documents were compiled and the response was provided. (*Id.* at ¶¶ 6, 12.) Kelly argues that the Census's response to this request was inadequate on the basis that (1) the Census improperly restricted the scope of Kelly's request; and (2) the search for responsive documents was thus insufficient.

Kelly's claim that the Census improperly restricted the scope of his request is premised upon two assertions. The Census's first restriction, according to Kelly, resulted when the Census limited its response dated June 16, 2010 by assuming the request was made pursuant to the Privacy Act. This argument is unpersuasive because the Census's decision to construe

6

Kelly's request for his own personnel records as a Privacy Act request is consistent with federal regulations. Specifically, 20 C.F.R. § 402.15 provides that "[t]he Privacy Act, 5 U.S.C. § 552(a), applies to records that are about individuals, but only if the records are within a system of records." 20 C.F.R. § 402.15(a). A "system of records" means "a group of records under our control from which information about an individual is retrieved by the name of the individual or by an identifying number, symbol, or other identifying particular." 20 C.F.R. § 401.25. Kelly sought records under the Census's control from which information about Kelly could be retrieved by a search using his name. Furthermore, Kelly does not explain specifically what "limitation" results from construing his request under the Privacy Act instead of under FOIA. Accordingly, the Court finds that the Census did not err by construing Kelly's request as a Privacy Act request.

The Census's second restriction, according to Kelly, resulted when the Census improperly interpreted Kelly's request dated May 5, 2010 to include only thirteen categories of documents. However, on June 22, 2010, Kelly submitted a second request for the same documents. In that request, Kelly described what he believed to be the deficiencies in the Census's response to his earlier request. The Census treated this later letter as a new request and responded accordingly by producing additional records with two responses, one pre-civil complaint, dated September 10, 2010, and one post-complaint, dated December 21, 2010. Accordingly, the Court finds that any possible deficiency in the Census's earlier response to the request for the same documents is moot as it was cured by the Census's subsequent search.

With respect to Kelly's argument that the search for his files was insufficient, the Court notes that the adequacy of the agency's search is adjudicated by a standard of reasonableness, construing the facts in the light most favorable to the requestor. *See Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) ("The agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.") (citations omitted). The agency's showing that it has conducted a reasonable search may be made by "reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.* Furthermore, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather

1 whether the *search* for those documents was *adequate*." *Id.* (citations omitted) (emphasis in
2 original).

3       Here, the Census presented evidence to support this Court's finding that the search for
4 Kelly's documents was sufficient. The Census presented three declarations which describe the
5 search and how it was calculated to uncover all documents responsive to Kelly's request. (*See*
6 *generally* Declarations of Michael Burns, Bryn Johnson, and Mary C. Potter.) Kelly, however,
7 argues that these declarations were not submitted in good faith because the search was restricted
8 to the thirteen categories of documents from only certain locations. Specifically, Kelly asserts
9 that the Census's evidence does not include any indication that the search for responsive
10 documents included a physical search of the Office of Director Robert Groves and the Office of
11 Census Hiring and Employment. Nevertheless, Kelly presents no evidence to demonstrate why
12 the Census's method was inadequate. Kelly fails to demonstrate why any additional documents
13 responsive to his request would be in those other offices but not in the Regional Office and
14 Headquarters Offices where, according to the Census employees, the records are supposed to be
15 kept. (*See* Potter Decl. ¶ 12; Supplemental Potter Decl. ¶ 5.) Accordingly, the declarations
16 submitted by the Census demonstrate the search was reasonable and sufficient, and Kelly does
17 not overcome this evidence by speculating that a search at additional offices might have
18 uncovered additional documents. *See Zemansky*, 767 F.2d at 571.

19       For the foregoing reasons, the Court grants the Census's motion for summary judgment
20 with reference to Kelly's request dated May 5, 2010.

21       **3.**     **Kelly's Request Dated June 22, 2010.**

22       On June 22, 2010, Kelly submitted a letter objecting to the Census's final decision
23 regarding his request dated May 5, 2010. Additionally, Kelly sought to obtain a personal
24 review and inspection of his personnel file records. The Census treated this request as a new
25 FOIA and Privacy Act request because the Census had already issued its final decision
26 regarding Kelly's records request dated May 5, 2010. Although Kelly asserts that he received
27 no response, the Census timely supplied Kelly with a copy of all responsive documents. (Potter
28 Decl. ¶¶ 16-19.) The Court finds no indication in the record that Kelly was precluded from

inspecting his personnel file.  Accordingly, the Court grants the Census's motion for summary judgment with reference to Kelly's request dated June 22, 2010.

### 4. Kelly's Request Dated August 27, 2010.

Kelly made another FOIA request, dated August 27, 2010.  (Amended Complaint, Ex. D.)  In the request, Kelly sought records of approximately 35-40 other employees employed at the Census's San Francisco East Local Census Office while he was employed there as a Crew Leader Trainee from January 26 through 29, 2010.  (*Id.*).  Specifically, Kelly sought the pay and work records of these other employees/trainees, the names of the employees who took an examination on January 29, 2010, as well as their scores from the examination, and the names of all trainees terminated for cause and the reasons for such terminations.  (*Id.*)

Kelly acknowledges his request dated August 27, 2010 sought the same records as his request dated May 24, 2010.  He explains that he missed the time to appeal the Census's response and therefore submitted a new one.  (Kelly Decl. ¶ 39.)  Kelly further acknowledges that in response to the new request, the Census answered with the same response made to the earlier request for documents.  Specifically, on September 10, 2010, Potter responded to Kelly's request dated August 27, 2010, notifying him that the Census already addressed this FOIA request in the Census's final response dated July 13, 2010 to Kelly's request dated May 24, 2010.  (Potter Decl. ¶ 27.)  Potter also enclosed a copy of the Census's final response for Kelly's records dated July 13, 2010.  (*Id.*; *see also* Defendants' Reply to Objections, Ex. 11.)  The Census's response dated July 13, 2010 addresses in detail Kelly's requests for documents.  Kelly did not submit an administrative appeal to the Census's denial of his request dated May 24, 2010 or his request dated August 27, 2010.  Furthermore, Kelly does not suggest new documents were generated after his request dated May 24, 2010 or why the response dated July 13, 2010 was the result of an inadequate search.  The Court thus finds that even if the letter dated August 27, 2010 was a new request, it did not necessitate the Census to conduct a new search because the first search, for the same documents, was adequate.

Accordingly, the Court grants the Census's motion for summary judgment with reference to Kelly's FOIA request dated August 27, 2010.

9

**CONCLUSION**

For the foregoing reasons, the Court HEREBY GRANTS Defendants' motion for summary judgment. A separate judgment shall issue. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: October 20, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE